UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CLOVIS LAGASSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:09CV177 RWS |
| | ) (FRB) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Clovis Lagasse ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by defendant, the Commissioner of Social Security ("defendant"). Presently before the Court is Defendant's Motion To Dismiss (Docket No. 12/filed March 29, 2010). All pretrial matters were referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for appropriate disposition.

I. **Evidence Before The Court**

In the instant Motion, defendant argues that plaintiff's Complaint should be dismissed as untimely because it was not filed within the sixty-day time limitation specified in 42 U.S.C. § 405(g). In support, defendant submitted a sworn declaration completed by Patrick J. Herbst, Chief of the Court Case Preparation and Review of Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, which is responsible for processing claims under

-1-

Titles II and XVI of the Social Security Act whenever a civil action is filed in the state of Missouri. (Docket No. 12, Attachment 1, page 3). Therein, Mr. Herbst declared that the file relating to plaintiff's claim was in his custody and had been reviewed under his supervision. (Id. at 3). Mr. Herbst described the procedural background of plaintiff's case through the administrative law judge level, and stated that, on October 3, 2009, the Appeals Council sent, via mail addressed to plaintiff with a copy to his attorney, notice of its decision to deny his request for review, and of his right to commence an action in federal court within sixty days. (Id.) Mr. Herbst further declared that he was unaware of any request for an extension of time to file a civil action. (Id.) Defendant argues that, including the presumed five days from the date of the notice for mailing, plaintiff should have filed his Complaint in this Court on or before December 7, 2009, but did not file his Complaint until December 15, 2009. Defendant concludes that, because plaintiff's Complaint was not timely filed, it should be dismissed.

In response, plaintiff makes no arguments related to the date he received the Appeals Council's notice, nor does he argue that his Complaint was timely filed.[1] Instead, plaintiff states that he sent a letter to the Appeals Council requesting an extension of time to file his Complaint, and received nothing in return. Specifically, plaintiff filed a Response To Motion To

---

[1] Indeed, review of plaintiff's Complaint, and the Civil Cover Sheet and Original Filing Form filed therewith, reveals that the Complaint and all documents filed therewith were dated December 15, 2009. See (Docket No. 1).

-2-

Dismiss, which reads as follows:

> The Plaintiff respectfully wishes to respond to the Defendant's Motion to Dismiss, dated March 29, 2010. In argument, the Plaintiff's attorney did in fact file a Request for Extension with the Appeals Council on November 28, 2009 as required by 20 C.F.R. § 416.1466(d). The attorney waited seven days for a response, as Plaintiff did not receive anything from the Appeals Council; the attorney proceeded to file in this court. To this date, Plaintiff has not received anything from the Appeals Council.

(Docket No. 13).

Filed with plaintiff's response is a copy of the November 28, 2009 letter referenced in the Response To Motion To Dismiss. That letter reads as follows:

> Request For Extention [sic] To File In Federal Court
>
> Dear Appeals Council:
>
> We represent the above mentioned claimant in his Social Security Disability Claim. The claimant was recently denied review by the Appeals Council. At this time, we would like to request an additional thirty (30) days to allow us to further review the claimant's claim and file in the claimant's claim in Federal Court [sic]. In addition, we would like to request that a copy of the denial from the Appeals Council and a CD of the claimant's hearing that took place on March 24, 2009.[2]

(Docket No. 13, Attachment 1) (footnote added).

The attorney presently representing plaintiff is the same attorney who represented plaintiff during his hearing before the

---

[2]The letter then provided counsel's mailing address and telephone numbers.

ALJ.  See (Docket No. 12, Attachment 1, page 8).

**II. Discussion**

The District Court's jurisdiction over claims arising under the Social Security Act is authorized, and limited, by 42 U.S.C. § 405(g), which provides, in relevant part: "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (emphasis added).  As defendant correctly notes, the date of receipt of notice of such decision is presumed to be five days following the date of the notice, unless a reasonable contrary showing is made to the Appeals Council.  20 C.F.R. §§ 404.901, 416.1401, and 422.210(c).

Inasmuch as plaintiff does not argue that the filing deadline was later than December 7, 2009, or argue that his Complaint was timely filed, the undersigned construes his statements in opposition to the instant Motion as an argument that this Court should equitably toll the statute of limitations.  The Supreme Court, in Bowen v. City of New York, 476 U.S. 467, 480-81 (1986), ruled that the sixty-day time period specified in § 405(g) of the Social Security Act is a period of limitation which can be tolled by the Commissioner or by the Courts.  The Court further held that equitable tolling should apply only rarely, such as in

-4-

cases in which "the Government's secretive conduct prevents plaintiffs from knowing a violation of rights." Id. at 481 (quoting City of New York v. Heckler, 742 F.2d 729, 738 (2nd Cir. 1984)). Consistent with this precedent, in the Eighth Circuit, equitable tolling has been employed sparingly, and has been limited to situations in which "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or *where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass*." Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (emphasis in Eighth Circuit decision)). "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id.; see also Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (citing Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988)(equitable tolling appropriate only when the Commissioner has hindered the claimant's attempts to exercise his rights by acting in a clandestine or misleading way)).

Having carefully considered defendant's Motion and the accompanying Declaration, plaintiff's response thereto, and the circumstances of this case, the undersigned concludes that this is not one of those rare cases in which it can be said that plaintiff actively pursued his judicial remedies, or in which plaintiff was tricked by the Commissioner's misconduct into allowing the filing deadline to pass. See Medellin, 23 F.3d at 204. While the

undersigned can accept plaintiff's statement that he requested an extension of time to file his Complaint in this Court, the undersigned cannot accept the contention that it should treat the request as granted, in the absence of any showing that it was. In the October 3, 2009 notice sent to plaintiff, the Appeals Council addressed the issue of requests for extension of time to file in federal court, and notified plaintiff that, should he make such a request, the Appeals Council would send him a letter telling him whether his request had been granted. (Docket No. 12, Attachment 1, pages 24-25). Plaintiff admits that no such letter was received, but offers nothing tending to show that he, having received no response, took any action to pursue his judicial remedies, including calling or otherwise contacting the Appeals Council to inquire regarding the status of his request. The undersigned also notes that plaintiff did not specify a reason for his request for an extension in either the letter he sent to the Appeals Council, or in his response to the instant Motion. Finally, the undersigned certainly cannot say that the Commissioner's actions herein amount to misconduct that would have induced or tricked plaintiff into failing to exercise his rights. As Mr. Herbst declared in his sworn declaration, there is no indication that a request for extension was ever received. (Docket No. 12, Attachment 1, page 3).

The facts of this case support the conclusion that, for whatever reason, no request for extension was received by the appropriate office, and no extension was ever granted. The only

-6-

rationale plaintiff offers for his untimely filing is that the Appeals Council never sent plaintiff a letter advising him of its decision regarding his request for an extension. As discussed above, this is simply insufficient to allow this Court to equitably toll the limitations period.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion To Dismiss (Docket No. 12) be granted, and plaintiff's Complaint be dismissed.

The parties are advised that they have until November 10, 2010 in which to file written objections to this Report and Recommendation. Failure to file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam).

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2010.